## CHANDLER v. BOOTH.

Where A, who carried on a printing office, and was indebted to the hands of the office, placed in the hands of B a certain amount of money, with directions to B to pay the hands, which B neglected to do, and where there was no evidence showing that the hands agreed to look to B for their money, or that A was indebted to the hands in an amount equal or approximate to the sum in B's hands, and the money was subsequently attached in the hands of B at the suit of C against A : *Held*, that the money was liable to the attachment.

APPEAL from the District Court of the Sixth Judicial District, County of Sacramento.

The facts appear in the opinion of the Court.

*Wallace & Rayle* for Appellant.

*Winans & Hyer* for Respondent.

TERRY, C. J., delivered the opinion of the Court—BALDWIN, J., concurring.

Plaintiff in a suit against James Allen attached certain moneys in the hands of defendant. After the judgment against Allen the defendant was examined, and having denied his indebtedness to Allen, this suit was instituted by permission of the Court.

It appears that Allen placed in the hands of defendant a State Controller's warrant for the sum of $1,600, with directions to sell the same, and pay the proceeds to the "boys in the office," meaning the employés in a printing office conducted by Allen.

It did not appear that any portion of the proceeds had been so paid ; that defendant had ever become liable to the hands in the office, by their knowledge of and consent to the arrangement between defendant and Allen, or that Allen was indebted to such hands in an amount equal or approximating to the sum in the hands of defendant.

We think the evidence produced by the plaintiff sufficient *prima facie* to entitle him to a verdict, and that the Court erred in ordering a non-suit.

Judgment reversed and cause remanded.