## LAM YIP *vs.* CHING SING *et al.*

### APPEAL FROM POLICE JUSTICE OF HONOLULU.

### APRIL TERM, 1886.

### JUDD, C. J. ; MCCULLY and PRESTON, JJ.

Ching Sing made an assignment for benefit of creditors; plaintiff, a creditor not included in the schedule given to the assignee by the debtor, sued Ching Sing, making the assignee a garnishee:

Held, affirming the judgment of the Court below, that the assignee became a trustee for the creditors, and could not be ordered to satisfy plaintiff's claim: the validity of the assignment can only be attacked if proceedings in bankruptcy are taken.

### OPINION OF THE COURT, BY PRESTON, J.

ON appeal from the Police Court, Honolulu.

This is an action of assumpsit brought in the Police Court, Honolulu, to recover the sum of $119 67, balance due on a promissory note.

J. E. Wiseman was served with a summons as a trustee of the debtor, Ching Sing.

The garnishee attended, and gave the following testimony :

"I know Ching Sing; I have no money or property in my possession ; his creditors came to me with him ; at his request I was made assignee ; he assigned to me all his property—a one-tenth interest in a garden at Waikiki ; this is the assignment; I have not disposed of this property ; it was advertised for sale yesterday ; the price was not high enough, and it was not sold ; I was offered $250 for it at auction."

The deed is dated 24th February, 1886, and is an assignment to Wiseman, in trust for the benefit of the creditors of the debtor mentioned in schedule.

The plaintiff's name does not appear in the schedule.

The Police Magistrate rendered judgment for the plaintiff, and discharged the garnishee.

The plaintiff appealed from the judgment discharging the garnishee upon the following grounds :

That no conveyance between the defendant, Ching Sing, and the said garnishee could bind the plaintiff, but that the property in possession of Wiseman was and is liable under the process herein.

April 20, V. V. Ashford for plaintiff. Wiseman is not released as garnishee by the deed from the claims of creditors who were not consenting parties to the trust; especially as the money or property had not been paid or distributed at the time of the service of the garnishee process.

If there were circumstances under which the trust deed was good they could not be held to extend beyond a trustee process or garnishee ; and in any event an assignment (whether purporting to be "in trust" or otherwise) would be invalid if it operated to the benefit of one or more creditor or creditors to the detriment of the others.

The assignment in trust by the general rule of law cannot interfere with the rights of creditors who do not choose to be bound thereby. There is no privity on the part of this plaintiff, and his legal rights as they would exist *without* the alleged deed of trust, cannot be taken from him by strangers and without process ;

which would be the effect if the deed were held to be valid against the plaintiff.

*Chandler vs. Booth*, 11 Cal. 342 was cited.

No counsel appeared for the respondent.

### BY THE COURT.

We are of opinion that the judgment appealed from is correct.

An assignment to a trustee for the benefit of creditors not parties to the deed is valid without the assent of the creditors, and the legal estate will pass to the assignee without such assent, so as to prevent a judgment creditor from obtaining a lien by exetion.

See *Nicoll vs. Mumford*, 4 Johns., Ch. 522.

The property having passed to Wiseman, he became a trustee for the creditors, and not for the debtor, and consequently could not be ordered to satisfy the plaintiff's claim.

The deed cannot be attacked by these proceedings, and although it may be invalid as an act of bankruptcy, that question can only be considered if proceedings in bankruptcy are taken.

The appeal is dismissed with costs.

*Ashford & Ashford*, for plaintiff.

Honolulu, April 28, 1886.